**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | Case Number: 20-40026-HLT |
| v. | |
| **TYRON WAGNER**, | |
| Defendant. | |

**ORDER OF DETENTION PENDING**
**REVOCATION HEARING**

On Monday, November 7, 2022, pursuant to Fed. R. Crim. P. 32.1 and 46(d) and 18 U.S.C. § 3143(a), a hearing was conducted on the Second Amended Petition for Warrant or Summons for Offender under Supervision. The Government appeared by and through Stephen Hunting. Defendant TyRon Wagner appeared in person and through counsel Richard Federico.

The Government requested temporary detention pending a final revocation hearing, which U.S. Probation also requests. Defendant requested continued release. Defendant waived his right to a preliminary hearing by executing a waiver form, and, on that basis, the Court finds probable cause to believe that Defendant violated the conditions of his release as alleged in the Second Amended Petition. ECF No. 61.

For the reasons stated more fully on the record at the hearing, the Court finds that Defendant has not met his burden to show by clear and convincing evidence that, if he were released, he is not likely to pose a danger to the safety of others. Briefly summarized:

- Defendant's underlying guilty plea is to Possession of a Firearm by a Prohibited Person. ECF No. 61 at 1. Defendant's supervised release began on August 25, 2021. *Id.*

- Defendant began violating the conditions of his release immediately. He provided a positive drug test for marijuana on August 27, 2021, two days after his supervised release began. ECF No. 44 at 1. He additionally tested positive for methamphetamine on October 15, November 22, and December 3, 2021. *Id.* at 1-2.

- The first Request for Modifying the Conditions was filed on December 3, 2021. ECF No. 44. The Request detailed the positive tests and that Defendant had missed nine call-in drug screens. *Id.* He was interacting with individuals involved in illegal activity, including individuals who had been arrested for possession of controlled substances. *Id.* He was placed on curfew and required to wear a location monitoring device. *Id.*

- On December 8, 2021, another Request for Modifying the Conditions was filed, requiring Defendant to seek mental health treatment to address concerns Defendant raised regarding his previous PTSD diagnosis stemming from when he was shot in 2019. ECF No. 45.

- On January 11, 2022, another Request for Modifying the Conditions was filed, now requiring Defendant to reside in a residential reentry center. ECF No. 46. This Request detailed the myriad of ways Defendant was violating the conditions of his supervised release, including violations that occurred while he was on GPS monitoring. "Due to Mr. Wagner's prior non-compliance for using illegal drugs,

2

      missing call-in drug screens and interacting with individuals involved in criminal activity he was placed on GPS monitoring on December 6, 2021. Since that time, Mr. Wagner provided a positive drug test for methamphetamine on January 9, 2022, as well as missing call-in drug screens at the contract vendor on December 7, 2021, December 14, 2021, December 22, 2021, and January 5, 2022. In addition, the United States Probation Office received information from the Kansas Highway Patrol that Mr. Wagner was involved in a traffic stop on January 9, 2022, in which he was in the same vehicle as two individuals who are known to be involved in criminal activity in the Topeka area." *Id.*

- Despite these multiple chances, Defendant continued to violate his conditions, resulting in the filing of the original Petition and Order for Warrant on February 10, 2022. ECF No. 47. The Petition detailed substantial violations of five separate conditions of his release, including that Defendant was unsuccessfully discharged from the RRC after he was caught on camera swallowing a baggie of what the RRC believed to be methamphetamine. *Id.*

- On February 17, 2022, Defendant waived his right to a detention hearing. ECF No. 51.

- On March 10, 2022, Defendant filed a Motion for Reconsideration of Detention Order, which was granted. ECF Nos. 55, 57. Defendant was released for Inpatient Treatment on April 13, 2022. ECF No. 57.

- Defendant successfully completed inpatient treatment in May, but again violated his conditions almost immediately, resulting in the filing of an Amended Petition on June 9, 2022. ECF No. 60. The Amended Petition stated that on June 9, 2022,

3

> Defendant reported to the U.S. Probation Office for a drug test. Prior to providing a urine sample, the defendant was found in possession of an adulteration device used to falsify his urine sample. The device was seized and photographed." *Id.* at 3-4. The Amended Petition additionally stated that Defendant's "minor daughter resided with him and has been present at the home when he has tested positive for methamphetamine, potentially exposing her to the drug and being under Mr. Wagner's care while he is under the influence." *Id.* at 4.

- On June 29, 2022, U.S. Probation filed a Second Amended Petition, which stated that on June 9, 2022, Defendant was arrested "by the Topeka Police Department on new charges of Identity Theft and Forgery. This case has been filed in Shawnee County District Court under case number 22CR1029." ECF No. 61 at 4.

- At the detention hearing, the June 2022 charges were discussed, and these charges are based on conduct alleged to have occurred on or about June 6 and June 14, 2022. Defendant was recently released after five months of pre-trial detention in state custody on these charges. While he has not been charged with any additional crimes related to these actions in June 2022, as discussed at the hearing, these charges are based in part on Defendant again allegedly associating with individuals who are charged with gun and controlled substances crimes.

- Defendant proposes to return to his home to live with his minor child, which is the home from which he has continued to struggle with controlled substances and the home in which he lived while he continued to associate with individuals involved in illegal activity. In light of Defendant's underlying charge of Possession of a Firearm by a Prohibited Person, this continuing association with individuals in

- possession of controlled substances and firearms raises serious concerns about his risk to the community, risks that are not mitigated by returning Defendant to his prior residence.

- Defendant's criminal history includes multiple battery convictions, the current firearm possession conviction and a conviction for Attempting Fleeing and Eluding Law Enforcement, in which he fled from police in a car that ultimately crashed into a stop sign. ECF No. 30.

- Defendant has been given a significant number of opportunities to comply with the conditions of his supervised released and these conditions were modified to give him additional chances. But he repeatedly failed to comply with the original and modified conditions. While he previously missed his required drug testing, he has now escalated his conduct to the use of an adulteration device, which indicates continued drug use that Defendant is trying to hide. This continued drug use, particularly while he is responsible for the care of a minor child, and his continuing association with individuals engaged in criminal activity demonstrate the serious risk he poses to the community if released.

All reasonable alternatives to detention have been considered. Specifically, the Court considered the possibility of releasing Defendant on modified conditions—namely, the release plan Defendant proposed, which was to return to the same residence with any conditions the Court may wish to order. The Court is not persuaded that Defendant he met his burden to show that any condition or combination of conditions would reasonably assure that he is not likely to pose a danger to the safety of others, particularly when it appears that drug use is continuing and previous attempts such as location monitoring and residing at an RRC failed to stop his behavior.

5

The Government's motion for temporary detention is therefore GRANTED.

IT IS THEREFORE ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a Final Revocation Hearing.

Dated November 8, 2022 at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge